UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL PUGH,

    Petitioner,

v.

C. KOENIG,

    Respondent.

Case No. 18-cv-03327-RS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

For the fifth time, petitioner seeks federal habeas relief from his 2001 state convictions. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The operative petition states cognizable claims. (Dkt. No. 16.) Respondent shall file a response to the petition on or before **September 16, 2019**.

## BACKGROUND

The instant suit is not petitioner's first federal challenge to his state convictions. Petitioner has filed at least four other habeas suits in this Court. The first was dismissed as partially unexhausted. *Pugh v. Runnels*, No. C 04-04241 VRW, Dkt. No. 10. The second was dismissed as untimely. *Pugh v. Felkner*, No. C 07-03579 VRW, Dkt. No. 10. The third was dismissed because petitioner failed to pay the filing fee. *Pugh v. Grounds*, No.

C 16-05126 RS, Dkt. No. 7. The fourth was dismissed as second or successive. *Pugh v. Hatton*, No. C 17-01400 RS, Dkt. No. 5. It appears that after this dismissal, petitioner filed a request with the Ninth Circuit for permission to file a second or successive petition. The request was denied as unnecessary. *Id.*, Dkt. No. 7. Petitioner had obtained a new judgment from the state court — the result of his petitioning for resentencing under a new state law. *Id.* A new judgment allowed petitioner to file a new petition without permission from the appellate court. *Id.* Therefore, the instant habeas action is not barred by the rule against second or successive petitions. "[A] numerically second habeas petition challenging a judgment imposed after resentencing was not 'second or successive' under the AEDPA, where the first habeas petition was filed prior to resentencing and challenged the original judgment." *Wentzell v. Neven*, 674 F.3d 1124, 1126-1127 (9th Cir. 2012) (citing *Magwood v. Patterson*, 561 U.S. 320, 339 (2010)). Under this standard, the Court will allow the petition to proceed. The petition remains open to other procedural challenges, which are discussed below.

The current and prior petitions are challenges to petitioner's 2001 state convictions for the possession of cocaine base for sale; possession of cocaine base and maintaining a place for narcotics activities; resisting arrest; and attempted destruction of evidence. (Am. Pet., Dkt. No. 12 at 1.) A sentence of 31 years to life was imposed for these convictions. (*Id.*)

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate

only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) defense counsel rendered ineffective assistance in the ways discussed in the petition; and (2) there was cumulative error. When liberally construed, these claims are cognizable on federal habeas review.

The parties should be aware of the following. The petition is open to various procedural challenges, even though it is not barred by the rule against second or successive petitions. In allowing the petition to proceed, the Court keeps in mind that *Magwood* eliminated only one procedural bar (the second or successive rule) and then eliminated it only in narrow instances. Other procedural bars were unaffected by *Magwood*. "Here, we underscore . . . that procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not." *Magwood*, 561 U.S. at 340. The Court notes that the petition in *Wentzell*, which survived an initial dismissal motion because of *Magwood*, eventually was dismissed as procedurally defaulted. *Wentzell v. Neven*, No. 2:10-cv-01024-RLH-GWF, 2015 WL 1344786 (D. Nevada Mar. 23, 2015).

The result was the same in a prior case before this Court. *Moore v. Macomber*, 15-cv-04269-RS. The Court had denied petitioner's prior federal habeas petition.[1] *Id.*, Dkt. No. 19 at 1. His appeal of that decision was unsuccessful. *Id.* at 2. Petitioner later obtained a new state court judgment. *Id.* This allowed the petitioner in *Moore*, like the current petitioner, to file a petition immune from the rule against second or successive petitions. *Id.* This new petition was dismissed as untimely and procedurally defaulted, however. *Id.* His appeal of the dismissal was unsuccessful. Dkt. No. 29.

---

[1] *Moore v. Hedgpeth*, 09-cv-01634-RS.

ORDER TO SHOW CAUSE
CASE NO. 18-cv-03327-RS

3

# CONCLUSION

1. The Clerk shall serve a copy of this order, the operative petition (Dkt. No. 16) and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **September 16, 2019**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **September 16, 2019**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

**Dated:** July _10_, 2019

_____
RICHARD SEEBORG
United States District Judge